IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Ugo Robledo, | Case No. 4:09 CV 2634 |
| Petitioner, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| J. T. Shartle, | |
| Respondent. | |

## INTRODUCTION

*Pro se* Petitioner Ugo Robledo filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 1). A Motion for Leave to Correct Error in Original Petition (Doc. No. 3) was also filed by Petitioner, and is now granted. Petitioner seeks an Order dismissing an Incident Report, expunging all sanctions imposed, and restoring good time credits forfeited as a sanction for violating prison rules.

## BACKGROUND

Petitioner is in custody at F.C.I. Elkton serving a federal sentence scheduled to expire February 16, 2014. During a search of his cubicle on February 17, 2009, a prison officer discovered a sharp metal instrument concealed inside the ladder of the bunk bed. The object was approximately 5 ½ inches long and appeared to be made from a screwdriver with a sharpened tip. The weapon was confiscated and the "Operation LT" was notified.

An Incident Report was prepared later that day. Petitioner saw a copy that night. He was read his rights the following day. The report charged Petitioner and his two cell mates with Possession, Manufacture, or Introduction of a Weapon in violation of Code 104. A hearing was held before the Disciplinary Hearing Officer (DHO) on March 18, 2009. Petitioner stated the weapon was not his and he had only been in the cubicle for about ten days. He called three witnesses to testify on his behalf. Two witnesses stated they had no recollection of any missing screwdrivers at F.C.I. Elkton. The third witness confirmed Petitioner was transferred to the cubicle ten days before the weapon was found.

The DHO considered the photograph of the weapon. An Intake Screening Form signed by Petitioner on January 12, 2009 was also reviewed. The form indicated Petitioner read the Inmate Admittance & Orientation booklet, which requires inmates to report all unauthorized objects found in their living areas to the Unit Officer. The DHO also considered the testimony of Petitioner's witnesses. The DHO concluded Petitioner was providing inaccurate information "in order to not accept full responsibility for [his] actions" (Pet.'s Ex. B, at 3), and he found, based on the greater weight of evidence, Petitioner committed the prohibited act of possessing a weapon in violation of prison rules. The DHO imposed a sanction of 60 days disciplinary segregation and 40 days disallowance of good time credits.

Petitioner exercised his right to appeal the DHO's decision. All of his requests for administrative relief were denied. This Petition followed.

**ANALYSIS**

Petitioner notes he was only assigned to the cubicle ten days before the weapon was discovered. He claims he is innocent because two other inmates had already been in the cell for six

2

months. Because the officer allegedly had to "pry open with excessive force" the cap concealing the weapon in the hollow of the bunk bed ladder, Petitioner asserts it would be unreasonable to expect him to find this illegal contraband in his cell.

Petitioner contends the "'greater weight of the evidence' standard equates to 'the preponderance of the evidence' standard" (Pet. at 5). Using this reasoning, Petitioner states he has the "burden of going forward with the evidence . . . [and] must establish a prima facie case. This is done by produicng [sic] enough evidence to justify a finding in the party's favor unless the evidence is explained or discredited by the other side" (Pet. at 5). He claims the "proponderance [sic] of the evidence is solididly [sic] with him" (Pet. 6). In support of this he states:

- he shared an open cubicle in an open dormitory with 64 open cubicles

- 171 inmates lived in the dormitory with access to the cubicle

- he shared the cubicle with two other inmates who were there several months before he arrived

- he did not have control over the area where the weapon was discovered

- he had only been in the cubicle for ten days before the weapon was discovered

- no fingerprints were lifted from the weapon

- the fact that all three inmates were disciplined did not prove their guilt

- his witnesses furnished testimony suggesting Petitioner did not possess a weapon

- it was improper for the DHO to expect an inmate to engage in a tear down search of his cell to discover contraband

Based on these facts, Petitioner maintains the greater weight of evidence is in his favor. He asserts, "as a matter of law and judiciial [sic] fairness" (Pet. at 8), he is entitled to expungement of the disciplinary action and restoration of good time credits he lost.

3

**DISCIPLINARY HEARING**

When a prisoner faces the loss of good time credits, the prison disciplinary hearing must provide the inmate: (1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974). Although *Wolff* did not mandate judicial review or a specified quantum of evidence to support the factfinder's decision, the Supreme Court did note that "the provision for a written record helps to assure that administrators, faced with possible scrutiny by state officials and the public, and perhaps even the courts, where fundamental human rights may have been abridged, will act fairly." *Id.* at 565.

Petitioner claims the DHO's decision was not supported by the evidence. This Court's review of the quantum of evidence supporting a prison disciplinary board's decision is limited to determining whether "some evidence" supports the decision. *Superintendent v. Hill*, 472 U.S. 445, 455 (1985). This Court is not permitted to re-weigh the evidence presented to the hearing officer. *Id.* at 455-56. Prison officials' determinations in disciplinary cases must be made quickly in a highly charged atmosphere, and the "Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board." *Id.* at 457.

In this case, the record reveals an evidentiary basis for the DHO's decision. The incident report states a weapon was found in the ladder leading to the bunk in which Petitioner slept. While three prisoners slept in the cubicle, none accepted responsibility for the weapon. Petitioner had equal access to the bunk ladder as the other prisoners. Moreover, the fact he was only in the cubicle for ten days does not foreclose the possibility he was responsible for concealing a weapon within that time

4

period. Petitioner's argument that it could have been any prisoner does not eliminate him from consideration. While there was no direct evidence identifying any one of the three inmates as the owner of the weapon, the record is not so devoid of evidence that the findings of the DHO were without support or otherwise arbitrary. *Hill*, 472 U.S. at 457. The DHO weighed the evidence and found Petitioner committed the prohibited act. Because the DHO's decision is supported by "some evidence" in the record, Petitioner's substantive due process rights were not violated. *See id.*

## CONCLUSION

Based on the foregoing, this Petition is dismissed pursuant to 28 U.S.C. § 2243. This Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

March 29, 2010