IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Ugo Robledo, | Case No. 4:09 CV 2634 |
| Petitioner, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| J. T. Shartle, | |
| Respondent. | |

## INTRODUCTION

Before the Court is *pro se* Petitioner Ugo Robledo's Motion for Relief Pursuant to Federal Civil Rule 60 (Doc. No 21). Petitioner requests reconsideration of this Court's March 29, 2010 judgment (Doc. Nos. 5, 6) dismissing his Petition for Writ of Habeas Corpus (Doc. No. 1).

## BACKGROUND

Petitioner is an inmate at Federal Correctional Institution Elkton ("FCI Elkton"). In February 2009, prison officials found a sharpened screwdriver concealed in the bunkbed ladder in his cell. Petitioner, along with his two cell mates, were disciplined and received identical sanctions of sixty days of disciplinary treatment and the loss of forty days of good behavior time. Petitioner pled his innocence with respect to the concealed weapon and appealed the disciplinary action. The appeal was denied and Petitioner filed his habeas petition. This Court denied the habeas petition, finding the prison's disciplinary hearing officer's decision to be supported by sufficient evidence (Doc. No. 5).

Following denial of his habeas petition, Petitioner filed a Motion for Reconsideration (Doc. No. 13) that this Court denied based on a lack of jurisdiction (Doc. 14). At the time of the Motion, Petitioner had submitted two appeals of this Court's original Judgment, thereby leaving this Court without jurisdiction (Doc. Nos. 11, 15). Petitioner moved for, and was granted, voluntary dismissal of his appeals (Doc. Nos. 19, 20). This Court now considers Petitioner's renewed motion for reconsideration.

### **ANALYSIS**

Petitioner argues he should be granted reconsideration under Federal Civil Rule 60(b)(2) based on his acquisition of new evidence. Rule 60(b) states in part: "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons . . . (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)."

Petitioner seeks to introduce an affidavit signed in July 2010 by one of his cell mates, Kenneth Cavazos. Cavazos claims the sharpened screwdriver belonged to him and not Petitioner. Cavazos further claims that because he was placed in a different housing unit, he was not able to inform Petitioner of his ownership of the weapon in a timely manner. In light of this affidavit, Petitioner seeks to have the disciplinary sanctions dismissed and restoration of his forty days of good behavior credit.

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. §§ 2244(b)(3), 2255, a prisoner is barred from bringing "a second or successive" habeas petition in district court until a court of appeals has issued an order "authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3). To win certification from a court of appeals, a prisoner must

surmount one of two deliberately high hurdles by presenting either (i) "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," or (ii) a "new rule of constitutional law" from the Supreme Court to be applied retroactively that invalidates the criminal conviction. 28 U.S.C. § 2255.

In *Gonzalez v. Crosby*, 545 U.S. 524 (2005), the Supreme Court explained how to differentiate a true Rule 60(b) motion from an unauthorized second or successive habeas corpus petition. The Supreme Court explained that a petitioner presents a "claim" under 28 U.S.C. § 2244 if the motion "attacks the federal court's previous resolution of a claim on the merits, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief." *Id.* at 532. By contrast, it held that such a "claim" is not present in a true Rule 60(b) motion, which instead "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." *In re Bowling*, 422 F.3d 434, 440 (6th Cir. 2005) (quoting *Gonzalez*, 545 U.S. at 532). The Supreme Court in *Gonzalez* went on to explain that a Rule 60(b)(2) motion seeking leave to present "newly discovered evidence" in support of a claim previously denied would constitute a "claim," and thus would be considered a second or successive petition. *Gonzalez*, 545 U.S. at 531.

The Sixth Circuit has adopted the Supreme Court's view, concluding that Rule 60(b) motions represent "claims" for habeas corpus relief and, rather than reach their merits, the district court should instead construe them as a second or successive habeas corpus petition, which may not be filed in the

3

district court without permission from the court of appeals. *Henderson v. Collins*, 184 Fed. App'x 518, 519 (6th Cir. 2006) (citing 28 U.S.C. § 2244(b)(3)(A)).

Petitioner's Motion clearly falls in this category of a second or successive habeas petition that is forbidden by the AEDPA-amended provisions of 28 U.S.C. § 2244(b). Petitioner is not challenging the integrity of his prior habeas proceedings but instead is challenging the denial of habeas relief on the merits. This Court's original dismissal of Petitioner's habeas petition directly addressed the merits of his claim, finding that the disciplinary hearing officer's decision was supported by sufficient evidence. Petitioner now attempts to directly challenge that finding by introduction of new evidence. Accordingly, Petitioner is barred from bringing this second habeas petition in this Court, unless and until the court of appeals issues an order authorizing this Court to consider the application. 28 U.S.C. § 2244(b)(3).

## CONCLUSION

Based on the foregoing, the Motion is dismissed pursuant to 28 U.S.C. § 2244 (Doc. No 21).

IT IS SO ORDERED.

            s/ *Jack Zouhary*
            JACK ZOUHARY
            U. S. DISTRICT JUDGE

            October 27, 2010